UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENNY G.,

Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-02043-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759

F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her claim for SSI on July 13, 2021, alleging disability as of July 1, 2020. AR 17. Her application was denied initially and upon reconsideration. *Id.* ALJ Allen Erickson held a hearing on June 11, 2024, and subsequently issued a decision finding plaintiff not disabled. AR 17-30. The Appeals Council declined plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3.

The ALJ found that plaintiff had the following severe impairments: degenerative disc disease, cervical; degenerative joint disease, left shoulder, with slap tear; major depressive disorder; posttraumatic stress disorder; and obesity. AR 19. The ALJ found plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except she can occasionally climb ladders, ropes, and scaffolds; occasionally crawl; occasionally be exposed to vibration and cold temperatures; occasionally reach overhead bilaterally; frequently, but not constantly, handle and finger bilaterally; understand, remember, and apply detailed, but not complex, instructions, but not in a fast paced, production type environment such as with an assembly line or high hourly quota. AR 22. Based on the testimony of a vocational expert, the ALJ found plaintiff could perform work existing in the national economy and was therefore not disabled. AR 29-30.

## DISCUSSION

### 1. Medical Evidence

Plaintiff asserts that the ALJ erred by not having substantial evidence for finding Dr. Faria's medical opinion unpersuasive. Dkt. 13. Plaintiff filed the claim on July 13, 2021, so the ALJ applied the 2017 regulations. *See* AR 224-30. Under the 2017 regulations, the ALJ does not defer to or assign predetermined evidentiary weight to any medical opinion, including that of a treating or examining source. 20 C.F.R. § 416.920c(a). Instead, the ALJ must explain how factors of supportability and consistency were considered when determining the persuasiveness of a medical opinion. 20 C.F.R. § 416.920c(b)(2).

The revised regulations displaced the former rule requiring an ALJ to provide "specific and legitimate" reasons for rejecting the opinion of a treating or examining physician. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nevertheless, an ALJ must provide an explanation supported by substantial evidence when finding a treating or examining source's opinion unsupported or inconsistent. *Id.* at 792.

#### a. Dr. Russell Faria

Dr. Faria performed a consultative evaluation on August 2, 2022. AR 1128-41. Dr. Faria opined that plaintiff was restricted to occasional bending, stooping, kneeling, crouching for one hour or less in an eight-hour workday; had restricted fine or forceful fingering or grasping; restricted ability to perform overhead work; was restricted from climbing, balancing, and working at heights; could stand or walk for no more than one hour in an eight-hour workday; and was limited to lifting and carrying 10 pounds

occasionally or frequently. AR 1136-37. The ALJ found Dr. Faria's opinion unpersuasive. AR 26.

**i. Supportability**

The ALJ found Dr. Faria's opinion insufficiently supported because Dr. Faria's own examination findings reflected plaintiff's suboptimal or poor effort. AR 26. Plaintiff's opening brief does not specifically challenge the ALJ's reliance on poor effort as a basis for evaluating Dr. Faria's opinion. *See* Dkt. 13 at 13-4. To the extent plaintiff first argues in reply that the poor effort findings did not undermine Dr. Faria's opinion, plaintiff waived that specific challenge by failing to raise it distinctly in the opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an issue that the claimant did not argue with specificity in the opening brief). Regardless, the Court has reviewed the evidence of plaintiff's lack of effort; the ALJ did not err in finding the opinion of Dr. Faria is unpersuasive due to lack of supportability.

Supportability concerns "the extent to which a medical source supports the opinion by explaining the relevant objective medical evidence." *Woods*, F.4th at 791-92. Even if plaintiff had not waived the argument, substantial evidence supports the ALJ's supportability finding.

The ALJ noted that Dr. Faria presumably relied on his examination findings in assessing plaintiff's limitations, and Dr. Faria documented concerns regarding plaintiff's effort. AR 26. Dr. Faria observed "suboptimal effort," some "pain behavior," and weakness on strength testing that was "incompatible with observed walking." AR 1135-36. These observations were part of Dr. Faria's own examination and reasonably called

into question the reliability of the testing underlying the degree of limitation he assessed. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (upholding the ALJ's rejection of an opinion where the examining physician observed inadequate effort during testing); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding that a claimant's failure to give maximum or consistent effort during physical evaluations supported an adverse credibility determination).

Accordingly, plaintiff waived her specific challenge to the ALJ's reliance on poor effort. Even considering the issue on the merits, the ALJ's decision finding lack of supportability is based on substantial evidence.

**ii. Consistency**

The ALJ also found Dr. Faria's opinion inconsistent with the treatment notes and records showing normal neurological functioning, intact sensation, normal or otherwise unremarkable gait and station, normal cardiovascular and respiratory functioning, normal extremities with full movement, and records suggesting plaintiff's shoulder symptoms had stabilized. AR 26. Plaintiff argues that the ALJ selectively relied on normal findings that favored finding Dr. Faria's opinion unpersuasive. Dkt. 13 at 13-14.

Consistency concerns whether a medical opinion accords with evidence from other medical and nonmedical sources in the record. *Woods*, 32 F.4th at 792. An ALJ may find an opinion unpersuasive when it is inconsistent with the medical record. *Id.* at 792-93. However, the ALJ must explain how the consistency factor informed the persuasiveness determination and may not merely state that an opinion conflicts with the record. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (explaining that an

ALJ's conclusory statement that a medical opinion conflicts with the record is insufficient without an interpretation of the evidence and supporting findings).

Some of the findings cited by the ALJ, including normal cardiovascular and respiratory functioning, do not independently address the limitations Dr. Faria assessed based on plaintiff's cervical spine, shoulder, hand, and lower extremity limitations. *See* AR 26. The ALJ, however, did not rely solely on those findings. The ALJ also cited findings directly related to plaintiff's physical functioning, including normal neurological functioning, intact sensation, normal or unremarkable gait and station, normal extremity movement, and improvement in plaintiff's shoulder condition. AR 26.

The record shows that plaintiff moved all four extremities with equal power and coordination. AR 1210. Other examinations documented a normal gait, normal musculoskeletal findings, and normal extremities. *See* AR 858, 1198, 1202. These findings conflict with the degree of standing, walking, lifting, climbing, and balancing restrictions Dr. Faria assessed. AR 1136-37; *See Shephard v. Berryhill*, 722 F. App'x 641, 643 (9th Cir. 2018) (affirming the discounting of an opinion that the claimant could not stand for two hours a day where the opinion was inconsistent with records documenting normal range of motion and steady gait). Likewise, evidence that plaintiff's shoulder symptoms stabilized conflicts with the severity of Dr. Faria's restriction on overhead work. AR 1136-37, 1228.

The ALJ identified evidence that was sufficiently related to Dr. Faria's assessed limitations, which explains why Dr. Faria's opinion was out of proportion to the broader record. Therefore, substantial evidence supports the ALJ's decision that Dr. Faria's opinion was inconsistent with the overall record.

The ALJ provided a sufficient explanation, supported by substantial evidence, for finding Dr. Faria's opinion unsupported by his examination findings and inconsistent with the longitudinal record. The ALJ did not err.

**2. Step Five**

At step five, the Commissioner bears the burden of proof to show there are a significant number of jobs in the national economy the claimant is able to perform. *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999). In considering the evidence at step 5, an ALJ may consult sources such as the Dictionary of Occupational Titles (DOT) or obtain testimony from a vocational expert (VE).

When there is a conflict between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation" for the conflict before relying on the testimony. SSR 00-4P, 2000 WL 1898704, at *2 (Dec. 4, 2000). To trigger this duty, such conflict must be "obvious or apparent," meaning the VE's testimony "must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin,* 844 F.3d 804, 808 (9th Cir. 2016).

Here, the ALJ limited plaintiff to occasional overhead reaching in the hypothetical posed to the VE and incorporated this limitation in the final RFC determination. *See* AR 22, 66. The VE testified that plaintiff could perform work as an electrical accessories assembler, marker, and small parts assembler. AR 66. The DOT provides that each of these occupations involves frequent reaching.[1] Reaching is defined as "extending the hands and arms in any direction," and the DOT does not separately distinguish reaching overhead. SSR 85-15, 1985 WL 56867, at *7 (Jan. 1, 1985). Plaintiff argues that the

[1] *See* DOT 729.687-010, DOT 209.587-034, and DOT 706.684-022.

ALJ erred in relying on the VE's testimony without adequately resolving the conflict between frequent reaching and her restriction to occasional overhead reaching. Dkt. 13 at 6.

Plaintiff fails to clearly establish the existence of a conflict. Though the identified jobs require frequent reaching, "not every job that involves reaching requires the ability to reach overhead." *Gutierrez,* 844 F.3d at 808. The DOT does not explicitly state that any of the identified jobs require more than occasional overhead reaching, and nothing in the job descriptions suggests such a requirement. *See Hulsey v. Saul*, 794 F. App'x 659, 661 (9th Cir. 2020) (finding no apparent conflict between VE testimony and DOT where claimant's overhead reaching abilities were restricted, and DOT descriptions required frequent reaching, but did not indicate that frequent *overhead* reaching was required).

Even assuming the existence of an apparent conflict, the VE explained that overhead reaching was not required for the jobs of small parts assembler and electrical accessories assembler, and only occasionally required for the job of marker. AR 66-67. She stated that this was based on her professional experience and observation of these jobs. *Id.* The ALJ confirmed with the VE that her testimony was consistent with the DOT, the SCO,[2] and/or her experience and training. AR 68. Plaintiff argues that the VE's explanation was not sufficiently detailed and that the ALJ should have inquired further and presumably elicited a more detailed explanation. Dkt. 13 at 8-9.

---

[2] Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, a companion publication to the DOT.

A VE's experience and observation of jobs to be an acceptable explanation for deviation from the DOT, including where a claimant was limited to occasional reaching overhead and the identified jobs required frequent reaching. *See, e.g.*, *Beeney v. Comm'r of Soc. Sec.,* No. 3:25-cv-05411-KKE, 2025 WL 3469900, at *4 (W.D. Wash. Dec. 3, 2025) (affirming ALJ's reliance on VE testimony where VE relied on his education and training "when opining that someone with a restriction to occasional overhead reaching could nonetheless perform a job requiring frequent reaching"); *Lucien F. v. Comm'r of Soc. Sec.*, No. 3:23-cv-05819-MLP, 2024 WL 6475325, at *4 (W.D. Wash. May 28, 2024), *aff'd sub nom. Frazier v. Bisignano,* 2025 WL 2388876 (9th Cir. Aug. 18, 2025) (affirming ALJ's reliance on VE testimony where VE relied on his experience as a vocational counselor and testified that claimant restricted to occasional reaching overhead could perform jobs of electronics worker, marker, and small products assembler).

Under the circumstances, the ALJ was entitled to rely on the VE's testimony that plaintiff could perform the three identified jobs despite her overhead reaching limitation. Although plaintiff's interpretation of the evidence may also be rational, when the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Smartt v. Kijakazi,* 53 F.4th 489. 494 (9th Cir. 2022). Accordingly, the ALJ properly determined at step five that plaintiff could perform work as an electrical accessories assembler, marker, or small parts assembler.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 3rd day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge